UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

***************************
Andrew Butler              *
                           *
   v.                      *          Docket No. 18-cv-336-JL
                           *
New Hampshire State Prison *
Warden and Deborah Robinson *
                           *
***************************

### REPLY TO OBJECTION TO MOTION TO DISMISS

The defendants, the New Hampshire State Prison Warden and Deborah Robinson, by and through counsel, the New Hampshire Office of the Attorney General, hereby reply to Petitioner's objection to the motion to dismiss (ECF Doc #13) and in support thereof state the following:

1. Petitioner originally filed a 28 USC § 2254 Writ of Habeas Corpus on April 26, 2018. *See* ECF Doc #1. Respondents moved for dismissal on May 17, 2018, arguing *inter alia*, that a federal criminal habeas corpus was improper where Petitioner failed to exhaust any state remedies prior to filing. *See* ECF Doc #4.[1]

2. In Petitioner's objection to the Motion, there is no argument relative to the exhaustion claim; rather, Petitioner apparently attempts to convert the writ to one under 28 USC §1651(a), the All Writs Act, claiming an "extraordinary situation." *See* ECF Doc #13, p. 2. Petitioner further alleges that "the State of New Hampshire," not the named respondents, has violated 42 USC §1395 (the Emergency Medical Treatment and

---

[1] Respondents also argued that it was unclear as to whether Petitioner had standing. Given the assertions by the Guardian relative to the litigation, to which the court has been made aware, Respondents withdraw this argument.

Labor Act (EMTALA)) given his transfer pursuant to New Hampshire law and regulation from New Hampshire Hospital (NHH) to the Secure Psychiatric Unit (SPU), claiming that the SPU is neither licensed nor accredited.

3. Petitioner makes broad and sweeping systemic allegations about the housing and treatment of New Hampshire's most dangerous (to themselves or others) mentally ill individuals but fails to address how the All Writs Act would provide relief in this particular case.

4. The All Writs Act provides that a federal court "may issue any writ necessary or appropriate in aid of its respective jurisdiction…" 28 USC §1651(a). Jurisdiction, however, must first be established by some independent basis. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31 (2002).

5. There is no such independent basis that has been established since Petitioner still has not demonstrated that he has exhausted his state court remedies. *See, Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Baldwin v.* Reese, 541 U.S. 27, 29 (2004) (state must be provided with opportunity to review, thereby alerting that state court to the federal nature of the claim).

6. Simply citing to §1651(a) does not convert the petition into one in which this court would have jurisdiction. The All Writs Act cannot be "used to evade the strictures of §2254. *Brennan v. Wall*, 100 Fed. Appx. 4, 5 (1st Cir. 2004).

7. Additionally, Petitioner's attempt to raise federal statutes as a basis for relief is equally unavailing. While 42 USC §1983 and habeas corpus petitions may be brought to challenge unconstitutional conduct by state officers, the two actions "are not coextensive either in purpose or effect." *Leamer v. Fauver*, 288 F.3d 532, 540 (3rd Cir.

2002).  A habeas corpus petition allows inquiry into the "legality of detention" while a 1983 suit allows for liability on constitutional torts. *Id.* The habeas petition, however, is the only form of relief for challenges to the fact or length of detention.  *Id.*

8.	Nothing in Petitioner's objection overcomes the fact that he failed to appeal his commitment and transfer first in the New Hampshire court and administrative system.

9.	The addition of the EMTALA assertions in his objection does not remedy the pleading deficiencies.  Simply put, reliance on EMTALA or the ADA to create jurisdiction relative to the validity of the civil commitment and transfer to the SPU, is misplaced.

10.	Petitioner cites 42 USC §1395 and claims that transfer of a "seriously ill person from a licensed and accredited hospital (NHH) to the SPU would violate that law. Such a claim is legally flawed.

11.	EMTALA was passed as part of the Consolidated Omnibus Budget Reconciliation Act of 1986 (COBRA) and provides that no patient who presents with an emergency medical condition who is unable to pay may be treated differently than patients who are covered by health insurance.  *See e.g Nichols v. Estabrook*, 741 F. Supp. 325, 329 (D.N.H. 1989) (provision "was enacted to combat the growing problem of 'patient dumping'").  Nothing in Petitioner's habeas corpus or any pleading filed thereafter suggests that the transfer decision was based on Petitioner's financial condition or health insurance protection.

12.	Petitioner's reference to EMTALA at §1395 is at best perplexing.  The section reads,

> Nothing in this title [42 USCS §§ 1395 et seq.] shall be construed to authorize any Federal officer or employee to exercise any supervision or control over the practice of medicine or the manner in which medical services are provided, or over the selection, tenure, or compensation of any officer or employee of any institution, agency, or person providing health services; or to exercise any supervision or control over the administration or operation of any such institution, agency, or person.

42 USC §1395.

13. As such, the law specifically indicates that the federal government does not exercise authority over the way medical services are to be provided. This would include how psychiatric services are provided in state institutions.

14. The SPU is staffed by professional and competent medical providers and clinicians who are licensed to practice in New Hampshire. It offers psychiatric hospital level of care in a 66 bed facility. Indeed, there are Board certified psychiatrists, APRNs, psychiatric nurses, psychiatric social workers, masters' level clinicians, a behaviorist, and recreational therapist all assigned to the unit. Patients can receive up to 30 hours per week of structured and unstructured therapeutic and diversional interventions, including individual counseling and group sessions. Each patient also receives an individualized/personal treatment plan to ensure needs are met based on diagnosis. In addition to the clinical/medical staff, there is also a security staff located within the unit, each member, whom, is trained through a partnership with NHH in handling mentally-ill patients.

15. It is also unclear what Petitioner is asserting relative to the American's with Disabilities Act. The intermingling of his claims for habeas relief along with an ADA violation is inappropriate, as one cannot both seek release from custody and monetary damages. *See Allen v. McCurry*, 449 U.S. 90, 104 (1980) (purpose of a writ of habeas corpus is not to redress civil injury).

16.     Finally, Petitioner's unsupported and specious factual assertions are not only inappropriate in a response to the motion to dismiss but are merely bald accusations, whose truth and accuracy is suspect.

WHEREFORE, it is respectfully requested that this Honorable Court,

A. Dismiss the Petition; and

B. Grant other such relief that is just and equitable.

Respectfully submitted,

NEW HAMPSHIRE STATE PRISON
WARDEN AND DEBORAH ROBINSON

by,

GORDON J. MACDONALD
Attorney General

/s/Lynmarie C. Cusack
Lynmarie C. Cusack
Sr. Ass't Attorney General, Bar No. 11266
Lindsey B. Courtney
Attorney, Bar No. 20671
Civil Bureau
33 Capitol Street
Concord, N.H.  03301-6397
(603) 271-3650
lynmarie.cusack@doj.nh.gov
lindsey.courtney@doj.nh.gov

**Certificate of Service**

I hereby certify that a copy of the foregoing was served via the Court's CM/ECF system this 6th day of June 2018 to:

Sandra Bloomenthal, Esq.
Bloomenthal & Bloomenthal, PA
1 Tara Boulevard, Suite 200
Nashua, NH  03062


				/s/  Lynmarie C. Cusack
				Lynmarie C. Cusack