UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Andrew Butler

    v.                              Civil No. 18-cv-336-JL

Michael Zenk, Warden, New
Hampshire State Prison for Men;
and Deborah Robinson

**REPORT AND RECOMMENDATION**

Petitioner, Andrew Butler, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking release from the New Hampshire State Prison's Secure Psychiatric Unit ("SPU"). At the time his petition was filed, Butler, who has now been released, had been placed at the SPU pursuant to his civil commitment to the New Hampshire State Hospital ("NHH").[1] See Pet. (Doc. No. 1). Before the court is the respondents' motion (Doc. No. 4) and memorandum of law (Doc. No. 7) seeking dismissal of the petition. Petitioner has objected (Doc. Nos. 12, 13). Respondents filed a reply (Doc. No. 14), and the petitioner filed a surreply (Doc. No. 15).

---

[1] For purposes of this Report and Recommendation, the court assumes, without deciding, that a challenge to a state court civil commitment resulting in hospitalization or other involuntary placement may be challenged in this court in a petition brought pursuant to 28 U.S.C. § 2254.

The court held a hearing on the respondents' motion to dismiss on August 29, 2018, at which the petitioner and his guardian appeared with counsel.[2] Counsel for the respondents appeared on the respondents' behalf.

## Background[3]

Butler was civilly committed to the NHH pursuant to an order of the state probate court on December 29, 2017. See In re Butler, No. 317-2017-IN-00444 (N.H. Cir. Ct., 6th Cir.-Prob. Div.-Concord, Dec. 29, 2017). While Butler was hospitalized at the NHH pursuant to his civil commitment, he was involuntarily transferred to the SPU. At the time this petition was filed, there were no criminal charges pending against Butler, he had not been convicted of any crime, and he had not been found not guilty by reason of insanity in any criminal case. Butler's petition before this court challenges the legality of his custody in a prison facility in the absence of a criminal

---

[2]Because the matters discussed at the August 29, 2018 hearing disclosed information contained in records that were sealed in the guardianship proceeding and in this case, the courtroom was sealed during the hearing. The petitioner's guardian consented to the presence of the petitioner's father during the hearing.

[3]The facts contained in this Report and Recommendation are in the public docket in this case, or are otherwise matters of public record.

2

conviction or detention order related to a criminal case.  In his petition, Butler asserts the following grounds for relief[4]:

> 1.  Butler's indefinite placement in a unit in a maximum security prison, in the absence of a criminal charge or conviction, violates his right to due process; and
>
> 2.  Butler's placement in the SPU violates the Americans with Disabilities Act, in that: a) SPU is not an accredited mental health treatment facility; and b) at SPU Butler is subjected to "harmful and cruel" treatment and housing conditions.

## Discussion

I. Exhaustion

To be eligible for relief in a § 2254 petition, a habeas petitioner must show that he has exhausted the remedies available to him in the state courts on his federal habeas claims, or that state corrective processes are unavailable or ineffective to protect his rights.  See 28 U.S.C. § 2254(b)(1).  Cf. "[A] petitioner's failure to present his federal constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case."  Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir.), cert. denied, 132 S. Ct. 426 (2011).

---

[4]In a memorandum filed in opposition to the respondent's motion to dismiss, the petitioner has argued that his placement at SPU violated the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395.  That claim was not asserted in Butler's petition, and Butler has not moved to add that claim to his petition.

> A claim for habeas corpus relief has been exhausted where the claim has been fairly presented to the state courts. Fair presentation means that the petitioner must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.

Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citations and quotation marks omitted). A petitioner may demonstrate that he should be excepted from the exhaustion if he shows that state corrective processes were unavailable, circumstances rendered the process ineffective to protect petitioner's rights, or he does not have the right under state law to raise the claim at issue. See 28 U.S.C. §§ 2254(b)(1), (c).

In their motion to dismiss, the respondents assert, among other arguments, that Butler's § 2254 petition should be dismissed because Butler failed to exhaust his claims in the state court prior to bringing his petition here. At the August 29, 2018 hearing, the petitioner acknowledged that he has not exhausted the claims in his § 2254 petition in any state court. Further, Butler does not contest that, at the time he was placed in the SPU, N.H. Rev. Stat. Ann. §§ 622:45(V), 622:52 and N.H. Code Admin. R. He-M 611.07(a) provided him with a right to a due process hearing to review the appropriateness of that transfer, and that he had a right to appeal the administrative transfer decision to the New Hampshire Supreme Court. Butler has failed

to demonstrate that there were no state corrective processes available to appeal his placement in SPU.

During the sealed hearing before this court, Butler argued, for the first time, that the state corrective processes in place were either unavailable to him, or ineffective to protect his rights, because when Butler waived his right to appeal his transfer to SPU, was not mentally competent to do so. The petitioner concedes, however, that at the time the pertinent waiver was entered, Butler was represented by counsel, and had been appointed a guardian. See Nov. 14, 2017 Order, In re Guardianship of Andrew M. Butler, No. 316-2017-GI-02040 (N.H. Cir. Ct., 9th Cir.-Probate Div.-Nashua). Butler's guardian was charged with exercising, on Butler's behalf, those rights Butler was incapable of exercising for himself. See id. Accordingly, to the extent Butler was unable to waive his right to an appeal, his guardian was in the position of protecting his rights. Nothing before the court suggests that Butler's guardian was unable to properly execute a waiver of appeal on Butler's behalf. Butler has not demonstrated, therefore, that state corrective processes were unavailable to him, or ineffective to protect his rights, and is thus not excused from the exhaustion requirement of § 2254(b).

The claims in Butler's petition are not exhausted, and Butler has failed to demonstrate that he should be excepted from

the exhaustion requirement due to the unavailability or ineffectiveness of the state's corrective processes. See 28 U.S.C. § 2254(b). Accordingly, Butler's petition is subject to dismissal, without prejudice, for failure to demonstrate exhaustion of available and effective state remedies. Because Butler's failure to exhaust is dispositive, the court need not address the other arguments in respondents' motion to dismiss.

II. Stay

"District courts . . . ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." Rhines v. Weber, 544 U.S. 269, 276 (2005) (citations omitted). The district court may grant a stay and hold a federal habeas petition in abeyance to allow a petitioner to return to the state courts to exhaust available state remedies. See id. at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Butler did not file any written motion in this case seeking a stay so that he could return to the state courts to exhaust available remedies on the claims at issue here. He requested a

stay only after the court asked, at the August 29, 2018 hearing, if the court found that he had failed to exhaust his state court remedies, if it was appropriate for the court to stay this action rather than dismiss it. Once Butler asked the court to stay this case in the event it found that his claims were unexhausted, the court repeatedly asked Butler to explain how staying this case would advance the claims asserted in this action.

Butler offered only one explanation: Butler's counsel stated she filed his petition here before repairing to the state court because Butler was seeking immediate release from custody under federal law, rather than state law. Of course, "'state courts are fully competent to . . . correctly apply relevant federal law . . . to the cases in their courts.'" United States v. Town of Lincoln Zoning Bd. of Appeals, 928 F. Supp. 2d 272, 279 (D. Mass. 2013) (citation omitted). Butler's reliance on federal claims in his petition, and his apparent preference for obtaining a federal court's decision on those claims, does not provide good cause for failing to comply with the law requiring that he exhaust his claims in state court before proceeding here. Employing the stay and abeyance procedure here would simply delay this proceeding without good cause, frustrating Congress's goal of streamlining federal habeas proceedings.

7

## Certificate of Appealability

The Rules Governing Section 2254 Proceedings require the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." § 2254 Rule 11(a). The court will issue the certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Butler has not made the requisite showing. Accordingly, the district judge should not issue a certificate of appealability in this case.

## Conclusion

For the foregoing reasons, the district judge should: grant the respondents' motion to dismiss (Doc. No. 4) Butler's petition, without prejudice; deny petitioner's oral request to stay this matter; and decline to issue a certificate of appealability. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 12, 2018

cc:  Sandra F. Bloomenthal, Esq.
     Robert T. Bloomenthal, Esq.
     Lynmarie C. Cusack, Esq.
     Lindsey B. Courtney, Esq.
     Laurie Smith Young, Esq.